*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* PETITION OF KALKASKA COUNTY TREASURER FOR FORECLOSURE.

---

KALKASKA COUNTY TREASURER,

Petitioner-Appellee,

v

GEORGIA GONZALES, Personal Representative of the ESTATE OF WILLIAM ALEVER, PAUL VINCENT, and CHERYL BOHDAN,

Respondents-Appellants.

UNPUBLISHED
July 16, 2025
12:28 PM

No. 368086
Kalkaska Circuit Court
LC No. 2020-013384-CZ

---

Before: GADOLA, C.J., and RICK and YATES, JJ.

PER CURIAM.

This case involves the disposition of proceeds generated by the tax-foreclosure sales of several properties. Respondents Georgia Gonzales, personal representative of the Estate of William Alever; Paul Vincent; and Cheryl Bohdan appeal the circuit court order denying their amended motion to disburse the proceeds that remained from the tax-foreclosure sales of their properties after the satisfaction of their tax delinquencies, interest, penalties, and fees. We affirm.

## I. BACKGROUND

### A. STATUTORY FRAMEWORK

In *Rafaeli, LLC v Oakland Co*, 505 Mich 429, 484; 952 NW2d 434 (2020), our Supreme Court held that former owners whose properties have been foreclosed and sold at tax-foreclosure sales have "a cognizable, vested property right to the surplus proceeds resulting from the tax-foreclosure sale of their properties." This right continued to exist even after a fee simple title to the properties vested with the foreclosing governmental unit (FGU). The *Rafaeli* Court reasoned that an FGU's retention of foreclosure proceeds "amounted to a taking of plaintiffs' properties

under Article 10, § 2 of [Const 1963]," and concluded that the former owners were entitled to just compensation in the form of the return of the surplus proceeds. *Id*. at 484-485. When the Court decided *Rafaeli*, the General Property Tax Act (GPTA), MCL 211.1 *et seq*., did not provide a means by which property owners could recover surplus proceeds.

In response to *Rafaeli*, the Legislature passed 2020 PA 255 and 2020 PA 256, which took effect on December 22, 2020. These acts purported to "codify and give full effect to the right of a former holder of a legal interest in property to any remaining proceeds resulting from the foreclosure and sale of the property to satisfy delinquent real property taxes under the [GPTA] . . . ." Enacting Section 3 of 2020 PA 255; Enacting Section 3 of 2020 PA 256. At issue in the current appeal is MCL 211.78t, a provision added to the GPTA by 2020 PA 256. Section 78t provides the means for former owners to claim and receive any applicable "remaining proceeds"[1] from the tax-foreclosure sales of their former properties.

Relevant to this appeal, under MCL 211.78t(2), property owners whose properties are sold at tax-foreclosure sales after July 17, 2020, must notify the FGU of their intent to recover any sale proceeds remaining after all outstanding delinquent taxes, interest, penalties, and fees are satisfied. Property owners may do so by submitting Department of Treasury Form 5743 "by the July 1 immediately following the effective date of the foreclosure of the property[.]" MCL 211.78t(2). The remainder of the process for returning remaining proceeds flows from the timely submission of Form 5743.

## B. PERTINENT FACTS AND PROCEEDINGS

Respondents, including the Estate's decedent, owned real property in Kalkaska County and fell behind on their property taxes. Petitioner, acting as the FGU, foreclosed their properties, effective March 31, 2021. No respondent submitted Form 5743 by July 1, 2021. The properties were sold at a tax-foreclosure sale in August 2021 for more than the former owners owed in delinquent taxes, interest, fees, and penalties. In May 2022, respondents moved for the disbursement of remaining proceeds. Petitioner opposed the motions on the ground that respondents had not timely submitted their notices of intention, among other reasons.

After a hearing on the matter, the circuit court denied the motions without prejudice on the basis that respondents' attorney had not complied with the court rules regarding motions. The court allowed respondents to file one amended motion and supporting brief of no more than 20 pages. Respondents did so, raising various statutory and constitutional challenges to the Legislature's system for returning remaining proceeds. The circuit court denied the amended motion after oral argument. In a written opinion and order, the court found respondents' challenges to the constitutionality of MCL 211.78t unavailing and their recovery of remaining proceeds barred by their failure to timely submit their notices of intention. This appeal followed.

---

[1] *Rafaeli* referred to "surplus proceeds," and MCL 211.78t refers to "remaining proceeds." Respondents moved to recover "remaining proceeds" in the circuit court. In any event, there is no qualitative difference between "surplus" and "remaining" proceeds.

## II. ANALYSIS

### A. STANDARD OF REVIEW

This Court reviews de novo whether the circuit court properly interpreted and applied the relevant statutes, as well as questions of constitutional law. *Makowski v Governor*, 317 Mich App 434, 441; 894 NW2d 753 (2016).

### B. MCL 211.87t

Respondents first raise a number of constitutional challenges to MCL 211.78t, all of which this Court considered and rejected in *In re Petition of Muskegon Co Treasurer for Foreclosure*, 348 Mich App 678 ; 20 NW3d 337 (2023). In their reply brief, respondents urge us to call a conflict panel with respect to *Muskegon Treasurer*. We decline to do so.

Respondents first contend that 2020 PA 256 violates procedural due process because it does not require (1) personal notice; (2) notices that inform all equity owners that petitioner will confiscate their proceeds; (3) notices that specifically identify the property to be taken; and (4) a hearing before petitioner confiscates a respondent's remaining proceeds. It appears that what respondents are actually seeking is a post-sale process that does not require them to timely file Form 5743. However, this Court has held that the statutory scheme stated in MCL 211.78t passes constitutional muster. See *Muskegon Co*, 348 Mich App at 704. "So long as the statutory scheme adopted by our Legislature comports with due process—and MCL 211.78t does—whether such a scheme makes sense or not, or whether a 'better' scheme could be devised, are policy questions for the Legislature, not legal ones for the Judiciary." *Id*. at 697 (citation omitted). For the same reason, respondents' assertion of a substantive due-process violation is also unavailing. See *In re Petition of Barry Co Treasurer for Foreclosure*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 362316); slip op at 3.

Respondents also argue that petitioner's retention of proceeds remaining from the sale of their properties constitutes a taking without just compensation in violation of the Takings Clauses in both the Michigan and United States Constitutions. See US Const, Ams V and XIV; Const 1963, art 10, § 2. Respondents acknowledge that in *Muskegon Treasurer*, 348 Mich App at 700-701, we held that the respondents did not have a compensable takings claim because the Legislature provided a statutory pathway for respondents to recover any remaining proceeds, the petitioner followed the statutory scheme, and the respondents failed to take the minimally burdensome step of filing a timely notice of intention. The same holding applies to the facts of the present case.

Respondents additionally argue that the *Muskegon Treasurer* Court's reliance on *Nelson v City of New York*, 352 US 103; 77 S Ct 195; 1 L Ed 2d (1956), was erroneous because *Nelson* addressed statutorily created rights, not constitutionally protected rights, and does not apply when a constitutional guarantee is infringed. But contrary to respondents' implication, MCL 211.78t does not infringe on a constitutional right. Rather, MCL 211.78t supplements the constitutional protections by providing a relatively uncomplicated process through which former property owners may recover their remaining proceeds. See *Muskegon Treasurer*, 348 Mich App at 692,

704. In the absence of an infringement on a constitutional guarantee, the reasoning in *Nelson* remains persuasive.

Respondents also argue that reliance on *Nelson* was erroneous because the statute at issue in *Nelson* allowed property owners to raise in personam defenses or counterclaims in the foreclosure proceeding, in contrast to the GPTA, which requires a multistep process to recover excess proceeds. This is a distinction without a difference. The defenses and counterclaims discussed in *Nelson* provided property owners the opportunity to assert that their properties were worth more than they owed in taxes and fees and the means to recover the surplus. See *Nelson*, 352 US at 110. The functional equivalent in our Legislature's scheme is the proper and timely submission of Form 5743.

Respondents further argue that the *Rafaeli* Court did not find *Nelson* helpful because the right considered in *Nelson* was statutorily created, but surplus proceeds were created by common law and constitutionally protected. This Court demonstrated the error in this argument in *Muskegon Treasurer*, 348 Mich App at 699-704, and we need not do so again here.

Respondents also insinuate that the United States Supreme Court's recent decisions in *Tyler v Hennepin Co, Minnesota*, 598 US 631; 143 S Ct 1369; 215 L Ed 2d 564 (2023), and *Knick v Scott Twp, Pennsylvania*, 588 US 180; 139 S Ct 2162; 204 L Ed 2d 558 (2019), somehow compel a result different from that reached in *Muskegon Treasurer*. They do not. As this Court explained in *Muskegon Treasurer*, 348 Mich App at 702-703, *Tyler* does not compel an outcome in the present case different from the one reached in *Muskegon Treasurer*.

Respondents likewise rely on *Knick* to argue that a state law that might result in just compensation cannot deprive an equity owner of a claim under the Fifth Amendment of the United States Constitution. The flaw in this argument, however, is that respondents do not have a federal takings claim. Although the United States Supreme Court held in *Knick*, 588 US at 185, that property owners could bring federal takings claims under 42 USC 1983 without having first exhausted their remedies under state law, a litigant still has to prove that the government committed an unconstitutional taking in order to prevail. Nothing in the *Knick* holding undermines the relevant holding in *Nelson*.

Alternatively, respondents argue that the circuit court should have exercised its statutory authority under MCL 600.2301 to overlook defects in their notices of intention. This argument lacks merit. MCL 211.78t(2) unambiguously requires that notices of intention to claim an interest in remaining proceeds must be filed by the July 1 immediately after the effective date of foreclosure. MCL 211.78t is a duly enacted statute that passes constitutional muster. *Muskegon Treasurer*, 348 Mich App at 704. Even if this Court viewed respondents' failure to submit a timely notice as a "defect in the proceeding" that could be cured by application of MCL 600.2301, the statute can only be applied "on such terms as are just." *Bush v Shabahang*, 484 Mich 156, 177; 772 NW2d 272 (2009) (quotation marks and citation omitted). Respondents cite no authority supporting the proposition that a circuit court furthers justice by disregarding the plain, unambiguous requirements of a duly enacted statute that passes constitutional muster. See *In re Warshefski*, 331 Mich App 83, 87; 951 NW2d 90 (2020). Moreover, by urging this Court to disregard the notice requirement in MCL 211.78t(2), respondents essentially ask this Court to amend the Legislature's validly enacted, constitutional procedure for returning remaining

proceeds. Such actions fall outside the Judiciary's purview. See *Muskegon Treasurer*, 348 Mich App at 697.

## B. UNJUST ENRICHMENT

Respondents also contend that petitioner's retention of their remaining proceeds constituted unjust enrichment. We disagree.

"Whether a specific party has been unjustly enriched is generally a question of fact . . . [but] whether a claim for unjust enrichment can be maintained is a question of law[.]" *Jackson v Southfield Neighborhood Revitalization Initiative*, 348 Mich App 317, 373; 18 NW3d 27 (2023) (Docket No. 361397) (quotation marks and citation omitted; alterations in original).

Unjust enrichment is a cause of action to correct a party's unjust retention of a benefit owed to another. *Wright v Genesee Co*, 504 Mich 410, 417; 934 NW2d 805 (2019). Contrary to respondents' implication, petitioner was not "unjustly enriched." Petitioner followed the statutory scheme set forth by our Legislature as the exclusive mechanism for the recovery of remaining proceeds. Under this statutory scheme, petitioner lacks the discretion to disburse remaining proceeds to foreclosed property owners who did not comply with the notice requirements of MCL 211.78t(2). See MCL 211.78m(8) (specifying how an FGU must handle proceeds from tax-foreclosure sales).

## C. UNPRESERVED ISSUES

Lastly, respondents raise several issues on appeal that were not first raised in the circuit court. Specifically, (1) the Estate argues that the wrongful-death saving provision, MCL 600.5852(1), operates to toll the July 1 deadline for filing a notice of intention; and (2) all respondents argue that they substantially complied with the deadline requirements, and that the circuit court should have applied the harsh-and-unreasonable-consequences exception to the enforcement of the deadline.

This Court applies the raise-or-waive rule in civil cases. *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, 347 Mich App 280, 289; 14 NW3d 472 (2023). Although this Court may overlook preservation requirements in certain circumstances, see *id*. at 289-290, these circumstances are not present in the instant case, given that this Court has considered and rejected these same arguments in prior decisions. In *Muskegon Treasurer*, 348 Mich App at 694-695, this Court held that the harsh-and-unreasonable-consequences exception did not apply to factually similar circumstances. And in *Barry Treasurer*, ___ Mich App at ___; slip op at 6, this Court held that MCL 600.5852(1) did not apply to toll the time for filing a notice of intention under MCL 211.78t(2). We are bound to follow *Barry Treasurer* and *Muskegon Treasurer* on these two issues. See MCR 7.215(C)(2).

Regarding whether respondents substantially complied with the July 1 deadline, the statutory scheme that the Legislature put in place as the sole mechanism for claiming any proceeds remaining after a tax-foreclosure sale and the satisfaction of the foreclosed property owner's tax debt does not have a substantial-compliance provision. Respondents' argument thus lacks merit, and we decline to further consider it. *Tolas Oil*, 347 Mich App at 289-290.

Affirmed.

/s/ Michael F. Gadola
/s/ Michelle M. Rick
/s/ Christopher P. Yates